UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YANA ANDERSON | CIVIL ACTION |
| VERSUS | No. 11-2236 |
| OCHSNER HEALTH SYSTEM, ET AL. | SECTION "I" |

## ORDER AND REASONS

Before the Court is a motion[1] to remand the above-captioned matter to state court filed by plaintiff, Yana Anderson ("Anderson"). Defendants, Ochsner Health System and Ochsner Clinic Foundation (together, "Ochsner"), oppose[2] the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

This case arises due to Ochsner's alleged improper billing practices. Anderson claims she was injured in an automobile accident in East Baton Rouge Parish, Louisiana, on August 4, 2010.[3] Following the accident, she received medical treatment at an Ochsner facility in Baton Rouge, Louisiana.[4] At the time of the accident, Anderson states she was insured under an ERISA[5] health insurance policy (the "plan") issued by UnitedHealthcare ("United").[6] She

---

[1] R. Doc. Nos. 7 and 22.

[2] R. Doc. Nos. 17 and 28.

[3] R. Doc. No. 1-2, ¶ 2.

[4] R. Doc. No. 1-2, ¶ 3.

[5] Employee Retirement Income Security Act of 1974 ("ERISA," 29 U.S.C. § 1001, *et seq.*).

alleges that, pursuant to the terms of the hospital participation agreement (the "contract") between Ochsner and United, Ochsner is required to submit medical bills for United-covered patients to United.[7] Anderson contends that Ochsner may not charge her any costs other than her applicable deductible, co-insurance, or other amounts allowed as under the policy or the contract.[8] Nevertheless, Anderson claims that Ochsner improperly directly billed her $2,824.99 for the medical services rendered, rather than submitting the claim to United.[9] Ochsner's actions, according to Anderson, violate the terms of the contract and the Louisiana Health Care Consumer Billing and Disclosure Protection Act (La. Rev. Stat. §§ 22:1871, *et seq.*).[10]

Anderson filed her lawsuit, seeking damages and injunctive relief on behalf of herself and all similarly-situated persons, in the Civil District Court for the Parish of Orleans, Louisiana (*Yana Anderson v. Ochsner Health Systems, Inc.*, Case No. 11-6385).[11] Ochsner timely removed the lawsuit to the U.S. District Court for the Eastern District of Louisiana asserting that this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. Ochsner argues that Anderson's claims are completely preempted by ERISA – thereby creating a federal question – because they will require the Court to determine whether the services she received from Ochsner were "covered services" as defined in the plan.[12] In response, Anderson timely moved to

---

[6] R. Doc. No. 1-2, ¶ 5.

[7] R. Doc. No. 1-2, ¶ 13.

[8] R. Doc. No. 1-2, ¶ 13.

[9] R. Doc. No. 1-2, ¶ 4.

[10] R. Doc. No. 1-2, ¶¶ 30-49.

[11] R. Doc. No. 1-2, ¶¶ 50-53.

[12] R. Doc. No. 1, pp. 1-3.

2

remand.  She argues that her claims are not completely preempted by ERISA and, consequently, that this Court lacks subject-matter jurisdiction to hear the above-captioned matter and it must remand it to the Civil District Court for the Parish of Orleans.[13]

### *STANDARDS OF LAW*

**I.  Remand**

U.S. District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A "plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available."  *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).  "Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  *Id.*

A U.S. District Court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir.

---

[13] R. Doc. No. 7-1, p.5.

1996).  Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

### II.  Federal Question Jurisdiction

Ochsner alleges that this case is properly before the Court because the Court has federal question subject-matter jurisdiction – *i.e.*, that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Nevertheless, "[i]t is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U .S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").  A defendant who seeks removal bears the burden of demonstrating that a federal question exists. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The doctrine of complete pre-emption is an exception to the well-pleaded complaint rule. " '[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)).  Complete pre-emption enables removal because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207-08.  ERISA is such a statute. *Id.* at 208.

4

ERISA provides a uniform regulatory regime over employee benefit plans. "To this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id.* Section 502(a) of ERISA sets forth a detailed civil enforcement mechanism that reflects Congress's enactment of a comprehensive statute for the regulation of employee benefit plans. *Id.* "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

State law causes of action are completely preempted by ERISA § 502(a)(1)(B), thereby establishing federal question removal jurisdiction,[14] only when "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),[15] and where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210. By contrast, ERISA's broader conflict preemption provision, ERISA § 514, 29 U.S.C. § 1144,[16] does not provide removal jurisdiction, but merely serves as an affirmative defense to claims that are not

---

[14] As explained in *St. Luke's Episcopal Hosp. v. Acordia Nat'l*, 2006 WL 3093132, 39 Employee Benefits Cas. 1114, 1117-18 (S.D. Tex. June 8, 2006):

> The fact that a given federal law might "apply" or provide a federal defense to a state-law cause of action is insufficient to establish federal question removal jurisdiction. Complete preemption is required. *See Franchise Tax Bd.*, 463 U.S. at 23-24. "In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal law and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum." 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3722.1 (3d ed. 1998).

[15] ERISA § 502(a)(1)(B) provides: "A civil action may be brought – (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[16] ERISA § 514 states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in ERISA. 29 U.S.C. § 1144.

completely preempted. *See, e.g.*, *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336-37 (5th Cir. 1999). "When a complaint raises both completely-preempted claims and arguably conflict-preempted claims, the court may exercise removal jurisdiction over the completely-preempted claims and supplemental jurisdiction (formerly known as 'pendent jurisdiction') over the remaining claims." *Id.* at 337-38 (footnote omitted). Accordingly, as long as ERISA completely pre-empts at least one claim, this Court has subject-matter jurisdiction over the above-captioned matter. *Davila*, 542 U.S. at 209.

## *DISCUSSION*

### I. Contract and Third-Party Beneficiary Claims

With respect to Anderson's contract claim and her right to sue for breach of that contract as a third-party beneficiary, Ochsner argues that the contract incorporates the definition of "covered services" as set forth in Anderson's ERISA policy. Consequently, in order for Anderson to establish Ochsner's liability for allegedly breaching that contract, the Court would be required to interpret the ERISA policy, thereby creating federal subject-matter jurisdiction.[17]

The U.S. Court of Appeals for the Fifth Circuit has distinguished between claims regarding the "rate of payment" versus "right of payment." "[W]here claims do not involve coverage determinations, but have already been deemed 'payable,' and the only remaining issue is whether they were paid at the proper contractual rate, [complete] ERISA preemption does not apply." *Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 532 (5th Cir. 2009). Ochsner contends that Anderson's claims implicate the "right of payment" – that is, whether the

---

[17] R. Doc. No. 17, pp. 8-11.

treatments she received at Ochsner's facility were "covered services" within the meaning of her ERISA policy.

The contract's plain language does incorporate Anderson's ERISA policy.  The contract provides that Ochsner "shall provide Health Services to all Members" and that Ochsner "shall submit claims for Health Services to Plan."[18]  "Health Services" are defined as "health care services and supplies covered by the Member's Benefit Contract."[19]  A "Member" is an "individual who is properly covered under a Benefit Contract."[20]

Ochsner admits that Anderson was insured under a United plan at the time she received treatment at its facility.[21]  The contract further provides that:

> To determine whether an individual is a Member and, therefore, entitled to receive Health Services, [Ochsner] shall ask the individual to present his or her identification card, which shall be provided to all Members by Payors, unless because of the type of Benefit Contract under which the Member has coverage no identification card applies.  In addition, [Ochsner] may contact [United] to obtain [United's] most current information on the individual as a Member.[22]

Consequently, the contract obligates Ochsner to determine whether a patient is or is not a participant in a plan.  Ochsner has no authority to determine whether a service is or is not covered.  Ochsner submits the claim to United and United makes any attendant coverage determination.

Anderson's claims do not meet the complete preemption test that the U.S. Supreme Court set forth in *Davila*.  As previously stated, following *Davila*, a claim is completely preempted by

---

[18] R. Doc. No. 1-1, pp. 4 and 6.

[19] R. Doc. No. 1-1, p. 3.

[20] R. Doc. No. 1-1, p. 3.

[21] R. Doc. No. 1, p. 2.

[22] R. Doc. No. 1-1, p. 4.

ERISA where "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions."  *Davila*,  542 U.S. at 210.  As Judge Vance observed in a very thorough opinion, "[t]he Fifth Circuit does not appear to have set forth a definitive test for evaluating whether a state law claim falls within the scope of the civil enforcement provision in ERISA § 502(a)."  *Gulf Coast Plastic Surgery v. Standard Ins. Co.*, 562 F. Supp. 2d 760, 767 (E.D. La. 2008) (Vance, J.).  After surveying the Fifth Circuit's substantive caselaw on complete preemption, Judge Vance concluded a claim actionable under ERISA § 502(a) must: (1) "require interpretation of an ERISA plan," and (2) "implicate a relationship governed by ERISA."  *Id.* at 769 (holding that the instant claims were not completely preempted because the defendant was not a traditional ERISA entity or fiduciary and that plaintiff's tort claims were "only peripherally connected to an ERISA plan").

First, as this Court has previously discussed above, the facts of this case would not require the Court to interpret Anderson's ERISA plan because United, not Ochsner, makes any coverage determination as Anderson is insured by a United plan.  Second, a "relationship governed by ERISA" is one involving "principal ERISA entities" – *i.e.*, the employer, the plan fiduciaries, the plan and plan beneficiaries.  *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990).  Ochsner, a hospital which is not Anderson's employer or a plan fiduciary, is not a principal ERISA entity.  Ochsner acknowledges that it is not a principal ERISA entity.[23]

Ochsner responds that complete preemption "does not require the parties to be principal ERISA entities."  However, the cases that Ochsner cites in support of its argument essentially

---

[23] R. Doc. No. 17, p. 8.

involve an alleged wrongful denial of benefits. *See Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942 (5th Cir. 1995); *Tigner v. Lea C. Paslay Ins., Inc.*, 575 F. Supp. 2d 766, 776 (S.D. Miss. 2008); *Wise v. Lucent Tech. Inc. Pension Plan*, 102 F. Supp. 2d 733 (S.D. Tex. 2000). United has not denied Anderson any benefits due to her pursuant to her ERISA plan.[24] As the dispute between Anderson and Ochsner is not a relationship governed by ERISA and this case does not involve a denial of benefits, Anderson could not sue Ochsner pursuant to ERISA § 502(a).[25] Anderson's claims do not satisfy the *Davila* test. Accordingly, ERISA does not completely preempt her contract claims and her right to sue as a third party beneficiary for breach of that contract and this Court does not have subject-matter jurisdiction.

**II.  Louisiana Health Care Consumer Billing and Disclosure Protection Act Claims**

Likewise, Ochsner argues that Anderson's claim predicated on alleged violations of the Louisiana Health Care Consumer Billing and Disclosure Protection Act (La. Rev. Stat. § 22:1871 *et seq.*, the "Act") will require the Court to determine whether the treatment Anderson received constitutes "covered services" and thereby oblige the Court to interpret Anderson's coverage under her ERISA plan.[26]

The Act provides that a "contracted health care provider shall be prohibited from discount billing, dual billing, attempting to collect from, or collecting from an enrollee or insured a health insurance issuer liability or any amount in excess of the contracted reimbursement rate

---

[24] R. Doc. No. 17, pp. 7-8. Ochsner argues that Anderson's claims "created a relationship between the plaintiff and defendant that is so intertwined with an ERISA plan that it cannot be separated." *Gulf Coast Plastic Surgery*, 562 F.Supp.2d at 768 (quoting *Hobson v. Robinson*, 75 Fed. App'x 949, 954 (5th Cir. 2003)); *Tigner v. Lea C. Paslay Ins., Inc*., 575 F. Supp. 2d 766 (S.D. Miss. 2008). Such is not the case herein.

[25] The Court does not reach the "independent legal duty" prong of the *Davila* analysis because Anderson's claims do not satisfy the first prong regarding § 502(a).

[26] R. Doc. Nos. 17, p. 2 and 28, p. 3.

for covered health care services." La. Rev. Stat. § 22:1874(A)(1). "Covered health care services" are defined as "services . . . for the diagnosis, prevention, treatment, cure, or relief of a health condition . . . that are either covered and payable under the terms of health insurance coverage or required by law to be covered." La. Rev. Stat. § 22:1872(8). Nevertheless, the Act goes on to qualify that the "health insurance issuer," in this case United, shall be the entity to identify what amounts shall be paid for by the insured versus the insured's insurance plan, not the "contracted health care provider." *See* La. Rev. Stat. § 22:1874(A)(2)-(3).

For the same reasons set forth regarding Anderson's contract claims, Anderson's claims under the Act do not satisfy the *Davila* test. The Court need not interpret her ERISA plan and the relationship between Anderson and Ochsner is not one involving "principal ERISA entities." *Gulf Coast Plastic Surgery*, 562 F. Supp. 2d at 767. Anderson's state law claims under the Act are not completely preempted and this Court lacks subject-matter jurisdiction to hear such claims.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that Anderson's motion to remand[27] the above-captioned matter is **GRANTED** and that this cause of action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, because of a lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Anderson's motion[28] to certify this matter as a class action is **DISMISSED AS MOOT**.

---

[27] R. Doc. No. 7.

**IT IS FURTHER ORDERED** that Ochsner's motion[29] to compel arbitration is **DISMISSED AS MOOT**.

New Orleans, Louisiana, June 8, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. No. 15.

[29] R. Doc. No. 10.